IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MATTIE SUE CLARK                                                                PLAINTIFF

V.                                                 CAUSE NO.: 1:09CV192-SA-JAD

CHICKASAW COUNTY, MISSISSIPPI, d/b/a
SHEARER-RICHARDSON MEMORIAL NURSING HOME            DEFENDANT

MEMORANDUM OPINION

Defendant has filed a Motion for Summary Judgment [52] seeking dismissal of Plaintiff's causes of action. After reviewing the motions, responses, rules and authorities, the Court finds as follows:

*Factual and Procedural Background*

Mattie Sue Clark was hired as a full-time Certified Nurses Assistant (CNA) at Shearer-Richardson Memorial Nursing Home (SRMNH) on January 22, 2007. Clark complained to SRMNH's Administrator regarding Clark's supervisor, Roselyn Powell, discriminatory practices against African Americans. One week later, Clark was demoted to part-time employment. She was later terminated from employment at SRMNH.

SRMNH records note that Clark was demoted for "not working assigned scheduled hours." Powell testified, however, that Clark was demoted for excessive absences and tardiness.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on the basis of race discrimination, retaliation, and pay disparity based on race. The EEOC investigated and issued a favorable ruling for Clark on the race discrimination and retaliation. After conciliation efforts failed, Clark brought this lawsuit. Defendant seeks summary judgment on Plaintiff's race discrimination, retaliation, and pay disparity claims.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F.3d at 1075.

*Discussion and Analysis*

*(a) Race Discrimination*

Clark brings her race discrimination claims under Title VII and Section 1981. In the Fifth Circuit, "[e]mployment discrimination claims brought under 42 U.S.C. § 1981 . . . are analyzed under the evidentiary framework applicable to claims arising under Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. section 2000e, *et seq*." Lawrence v. Univ. of Texas Medical

2

Branch at Galveston, 163 F.3d 309, 311 (5th Cir. 1999); LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 448 n.2 (5th Cir. 1996) ("Claims of racial discrimination brought under § 1981 are governed by the same evidentiary framework applicable to claims of employment discrimination brought under Title VII."). Thus, those causes of action are discussed in tandem here.

Since Clark does not allege any direct evidence of discrimination, we apply the familiar McDonnell Douglas burden-shifting analysis. Moore v. Reeves County, 360 F. App'x 546, 548-49 (5th Cir. 2010) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). "To survive summary judgment under McDonnell Douglas, the plaintiff must first present evidence of a prima facie case of discrimination." Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 317 (5th Cir. 2004). If the plaintiff presents a prima facie case of discrimination, then an inference of discrimination arises, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action. Id.

Clark is an African American woman fully qualified for her position as a CNA. In April of 2008, she was demoted from full-time to part-time, and later terminated in September. Thus, Plaintiff has satisfied the first three prongs of the prima facie case. Clark asserts that two Caucasian CNAs were treated more favorably than her despite engaging in the same misconduct. In particular, Clark alleges that Beth Brown, a Caucasian woman, and Jim Barr, a Caucasian man, were tardy multiple times. For purposes of the prima facie case of discrimination, Plaintiff has met her burden.

Defendant claims Plaintiff was demoted for excessive absenteeism. Pursuant to the SRMNH Attendance Policy, three tardies in a thirty day period would count as one absence. Ten absences in a rolling twelve month period could result in permanent placement on a part-time schedule or termination. A review of Plaintiff's personnel file evidences over sixteen tardy notices and six

absences from September of 2007 until April of 2008. Powell testified that she did not document the number of days Clark left work early, which would count toward her "tardy" occurrences. According to Defendant's policy, Clark would have been eligible for demotion to part-time in April of 2008.

To survive summary judgment, plaintiff must offer sufficient evidence that either the defendant's legitimate non-discriminatory reason for the adverse employment action is false and is a pretext for discrimination, or that the employer's reason, while true, is only one of the reasons for its conduct, and the plaintiff's protected characteristic was a "motivating factor" in its decision. See Rachid v. Jack In The Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004).

Here, Plaintiff has asserted that race was the motivating factor in her demotion. As evidence that her race motivated her demotion, Plaintiff presents several instances of, she contends, racial animus by Roselyn Powell. In particular, Plaintiff asserts that another employee, Eva Hampton, told Clark that Powell did not like Clark because Powell "don't like nobody black." Moreover, Hampton stated that Powell called Mattie Sue Clark a "little black troublemaker." Plaintiff contends that she confronted Powell about the statement, and Powell admitted to saying it. When Plaintiff pushed her further about her views of African Americans, Plaintiff asserts Powell stated, "I know how your kind of people are," intimating that she believed African Americans to be troublemakers.

Further, Plaintiff highlights that she received numerous reprimands for being tardy when no other Caucasian employees were being written up for such misconduct. Indeed, Powell admitted that no Caucasian CNAs had been demoted for excessive absenteeism based on clocking in late.

Plaintiff also insists the time line in her case demonstrates that her race was a motivating factor in her demotion. On April 14, 2008, Clark told Judy Dunn she wished to make a claim of

4

discrimination against Roselyn Powell. Dunn suggested Clark talk with the Administrator, Brenda Wise, and Clark did. On that same date, Powell included a note into Clark's personnel file that Clark was "never pleased [with] anything." One week later, she was demoted to part-time employment with the paperwork reading that she was "not working assigned scheduled hours." However, Defendant later stated its reason for demotion was excessive absenteeism based on tardies.

Plaintiff has raised a genuine issue of material fact as to whether race was a motivating factor in her demotion. Thus, Defendant's Motion for Summary Judgment as to race discrimination is denied.

*(b) Retaliation*

Plaintiff alleges she was retaliated against for reporting and opposing Defendant's discriminatory conduct. A plaintiff establishes a prima facie case for unlawful retaliation under 42 U.S.C. § 2000e-3(a) by proving: (1) that he or she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal connection exists between the protected activity and the adverse employment action. Lemaire v. State of Louisiana, 480 F.3d 383, 388 (5th Cir. 2007). An employee has engaged in protected activity if he or she has (1) opposed any practice made an unlawful employment practice by the statute, or (2) made a charge, testified, assisted, or participated in any manner in a Title VII investigation, proceeding, or hearing. Grimes v. Texas Dep't of Mental Health, 102 F.3d 137, 140 (5th Cir.1996).

An employee's informal complaint to an employer may constitute participation in a protected activity, provided that the complaint is in opposition to conduct that is unlawful, and the employee holds a good faith, reasonable belief of the conduct's unlawfulness. Cavazos v. Springer, 2008 U.S. Dist. LEXIS 58317 *22, 2008 WL 2967066 *7 (S.D. Tex. Aug. 1, 2008) (citing Burlington N. &

5

Santa Fe Ry. Co. v. White, 548 U.S. 53, 58, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)). "Complaints to employers that do not complain of conduct protected by Title VII do not constitute protected activities under the statute." Id.

Plaintiff contends that she reported to Brenda Wise that she was being discriminated against based on her race. Specifically, Clark contends she complained to Wise that Roselyn Powell made racist remarks, and that she was being treated differently than other Caucasian employees. Plaintiff even wrote out on paper that she felt that she was being discriminated against. Brenda Wise admits that she instituted an investigation to examine Plaintiff's complaints of discrimination. Thus, Plaintiff's complaint constitutes a protected activity.

The causal link required by the third prong of the prima facie case does not have to meet a "but for" standard. A plaintiff does not have to prove that his protected activity was the sole factor motivating the employer's challenged actions in order to establish the causal link element of a prima facie case. Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002). Close timing between an employee's protected activity and an adverse action against the employee may provide the causal connection needed to make out a prima facie case of retaliation. McCoy v. City of Shreveport, 492 F.3d 551, 562, n. 28 (5th Cir. 2007); Swanson v. Gen. Srvs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997). The test at the prima facie stage may not be particularly stringent, but the plaintiff nonetheless "must produce some evidence of a causal link." Ackel, 339 F.3d 376, 385 (5th Cir. 2003). A plaintiff who relies on nothing more than her subjective belief that she was the victim of retaliation cannot establish a prima facie causal link. Peace v. Harvey, 207 F. App'x 366, 369 (5th Cir. 2006) (per curiam) (citing Byers v. The Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000)). If the only evidence of a prima facie casual link is "mere temporal proximity between an employer's

6

knowledge of protected activity and an adverse employment action," then "the temporal proximity must be very close." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) (per curiam) (citations and internal quotation marks omitted) (citing with approval cases holding that three and four-month gaps between an employer's knowledge of a protected activity and an adverse employment action are too long, standing alone, to establish a prima facie causal link). In addition, a plaintiff who relies on close "temporal proximity between the protected activity and the adverse employment action" must produce "evidence of knowledge of the protected activity on the part of the decision maker." Ramirez v. Gonzales, 225 F. App'x 203, 210 (5th Cir. 2007) (per curiam) (citing Swanson, 110 F.3d at 1188).

Plaintiff's only causal connection between her complaint of discrimination to Wise and the adverse employment action is the timing. Plaintiff contends her meeting with Brenda Wise occurred on April 14, 2008, and she was demoted on April 21, 2008 - a span of one week. Thus, Plaintiff has presented sufficient causal connection between the protected activity and her demotion. Plaintiff has not presented a sufficient causal connection between the filing of her EEOC complaint and her eventual termination. Powell testified that she was unaware of Plaintiff's EEOC charge until after she was terminated in September of 2008. See Breeden, 532 U.S. 268, 273, 121 S. Ct. 1508 (employer's knowledge of protected activity necessary to satisfy prima facie burden).

If the plaintiff establishes a prima facie case of retaliation, the defendant must come forward with a legitimate, non-retaliatory reason for its adverse employment action. Once the defendant advances its reason, the focus becomes the ultimate issue in a retaliation case, which is whether the employer retaliated against the employee because he or she engaged in protected activity. Although not in itself conclusive, the timing of an employer's actions can be a significant factor in the court's

analysis of a retaliation claim. Gee, 289 F.3d at 347 n.3 (citing Shirley v. Chrysler First, Inc., 970 F.2d 39, 44 (5th Cir. 1992)).

For Title VII retaliation claims, the recent Fifth Circuit decision in Smith v. Xerox Corp., 602 F.3d 320 (5th Cir. 2010), modified the law applicable to a plaintiff's burden of proving retaliation. In Smith the defendant challenged the district court instructing the jury on a mixed-motive theory of causation, which allowed the jury to find for the plaintiff on her retaliation claim with only a "motivating factor" rather than "but-for" causation. Id. at 325. The Court looked to its Title VII retaliation precedents based on Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989), and Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed. 2d 84 (2003), and concluded that a mixed-motive theory may be used in Title VII retaliation cases without requiring the plaintiff to have direct evidence of retaliation in order to proceed under that theory.

Prior to Smith, the Fifth Circuit had stated that for a plaintiff to prevail on a Title VII retaliation claim, the plaintiff had to prove that the adverse employment action would not have occurred but for the protected activity. Strong v. Univ. Health Care Sys., L.L.C., 482 F.3d 802, 806 (5th Cir. 2007) (citing Septimus v. Univ. of Houston, 399 F.3d 601, 608-09 (5th Cir. 2005)); Vaide v. Mississippi State Univ., 218 F.3d 365, 374 (5th Cir. 2000). Stated another way,"[w]hether or not there were other reasons for the employer's actions, the employee will prevail only by proving that 'but for' the protected activity she would not have been subjected to the action of which she claims." Jack v. Texaco Research Center, 743 F.2d 1129, 1131 (5th Cir. 1984). It is now apparent from the Fifth Circuit's analysis in Smith that a plaintiff may also satisfy the burden of proving retaliation by demonstrating that unlawful retaliation was a motivating factor in the employer's adverse

8

employment decision.

Therefore, to withstand summary judgment, Title VII requires that the plaintiff, using direct or circumstantial evidence, present sufficient evidence for a reasonable jury to conclude that retaliation was a motivating factor for the defendant's employment action. See Roberson v. Alltel Info. Srvs., 373 F.3d 647, 652 (5th Cir. 2004) (citing Desert Palace, 539 U.S. at 101, 123 S. Ct. 2148).

As noted above, Defendant has presented a legitimate non-retaliatory reason for Plaintiff's discharge. As evidence of her retaliatory discharge, Plaintiff highlights the relatively brief period between her complaint and her demotion. Plaintiff complained to Brenda Wise on April 14, 2008. One week later, Plaintiff was officially demoted on April 21, 2008. Based on the temporal proximity between the conference and demotion, as well as the other evidence alluded to under the race discrimination section, a reasonable juror could conclude Plaintiff was retaliated against for complaining about any alleged discrimination. Accordingly, Plaintiff has presented a genuine issue of material fact as to whether she was demoted in retaliation for complaining about alleged discrimination at SRMNH.

*(c) Pay Disparity*

Plaintiff alleges that African American CNAs were paid less than Caucasian CNAs. The EEOC found no evidence to support that allegation. Plaintiff has put forth no evidence to support her claim that African American CNAs were paid less. Thus, no genuine issues of material fact have been brought to the Court's attention as to Plaintiff's pay disparity claim, and Defendant's Motion for Summary Judgment on this claim shall be granted. Little, 37 F.3d at 1075 (requiring submission

of contradictory facts to evidence a factual dispute and refusing to "assume that the nonmoving party could or would prove the necessary facts.").

*(d) Timing Issue*

Defendant contends that Plaintiff has offered as evidence to support her claims, alleged actions occurring prior to 180 days before her EEOC charge was filed. Plaintiff filed her EEOC charge initially on June 20, 2008. Any claims based on acts occurring more than 180 days prior to the date of the EEOC charge of discrimination are statutorily barred. 42 U.S.C. § 2000e-5(e); Tillman v. S. Wood Preserving of Hattiesburg, Inc., 2010 U.S. App. LEXIS 9181, at *6 (5th Cir. May 4, 2010)(affirming district court's dismissal of all claims based on events occurring more than 180 days prior to filing of EEOC charge). Thus, Defendant's Motion for Summary Judgment as to this section is granted.

*Conclusion*

Plaintiff has raised genuine issues of material fact regarding her race discrimination, demotion and possible retaliation for complaining of discrimination. Accordingly, Defendant's Motion for Summary Judgment is denied as to the race discrimination claims under Section 1981 and Title VII and retaliation claim under Title VII, but granted as to Plaintiff's pay disparity claim and for any claim based on events occurring over 180 days prior to the filing of Plaintiff's EEOC charge.

SO ORDERED, this the 16th day of September, 2010.

              **/s/ Sharion Aycock**
              **U.S. DISTRICT JUDGE**